UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

February 22, 2022

LETTER TO COUNSEL:

RE:  *Candace W. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. TJS-20-3344

Dear Counsel:

On November 18, 2020, Plaintiff Candace W. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 15. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

Candace W. protectively filed her application for DIB on June 13, 2018. Tr. 18. She alleged a disability onset date of February 17, 2016. *Id.* Her application was denied initially and upon reconsideration. *Id.* Candace W. requested an administrative hearing, and a telephonic hearing was held on May 11, 2020, before an Administrative Law Judge ("ALJ"). Tr. 44-78. In a written decision dated May 28, 2020, the ALJ found that Candace W. was not disabled under the Social Security Act. Tr. 15-43. The Appeals Council denied Candace W.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Candace W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§ 404.1520. At step one, the ALJ found that Candace W. had not engaged in substantial gainful activity since February 17, 2016, the alleged onset date. Tr. 20. At step two, the ALJ found that Candace W. suffered from several severe impairments. Tr. 21. At step three, the ALJ found Candace W.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 21-24. The ALJ determined that Candace W. retained the residual functional capacity ("RFC")

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On January 31, 2022, it was reassigned to me.

to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk two hours in an eight-hour workday, and sit for a total of about six hours in an eight-hour workday. With the dominant right upper extremity, she can never reach overhead and frequently reach in all directions (except overhead). With the non-dominant left upper extremity, she can frequently reach in all directions (including overhead). The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes, and scaffolds. She must avoid even moderate exposure to extreme cold. She requires a job that can be performed with monocular vision. The claimant requires the ability to alternate between sitting and standing as needed, but not more frequently than about every 25 minutes for about one to three minutes each time. She is limited to performing simple one-to-four step, routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with coworkers and supervisors and no contact with the general public, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line.

Tr. 24.

At step four, the ALJ determined that Candace W. was unable to perform past relevant work. Tr. 36. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Candace W. can perform, including "ink printer"; "document preparer, microfilming"; "dial marker"; "hand mounter"; and "addresser." Tr. 36-37. Accordingly, the ALJ found that Candace W. was not disabled under the Social Security Act. Tr. 37-38.

Candace W. raises three arguments in this appeal. First, she argues that the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions. Second, she contends that the ALJ did not explain how, despite her moderate limitations in concentrating, persisting, or maintaining pace, she would be able to remain on task for 90% of an eight-hour workday. Third, Candace W. maintains that the ALJ did not properly evaluate her subjective complaints. ECF No. 13-1 at 6-16. After a careful review of the ALJ's decision and the evidence in the record, I find that the ALJ did not build a logical bridge from the evidence to the ALJ's conclusion. Accordingly, I will remand this case for further explanation.

Candace W. argues that the ALJ "failed to explain the genesis of [the ALJ's] determination that [she] required the ability to sit or stand at 25 minute intervals, for no more than one to three minutes at a time." ECF No. 13-1 at 6. The VE testified that employers would tolerate "an off task rate of up to ten percent on a regular and consistent basis[;] anything that would be above that ten percent[,] that would be work preclusive." Tr. 60. According to Candace W., an individual's alternating between sitting and standing every twenty-five minutes to stand for one to three minutes at a time causes that individual to be off task more than 10% of the time. ECF No. 13-1 at 11. As Candace W. points out, every conclusion reached by an ALJ when evaluating a claimant's

RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). ALJs thus must both identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017).

Here, "[t]he ALJ has not explained what [the ALJ] relied on or how [the ALJ] arrived at the calculation for the sit-stand option in the RFC." *Diaz v. Berryhill*, No. 2:17-CV-314, 2018 WL 4627218, at *8 (N.D. Ind. Sept. 27, 2018). "Specifically, there is no narrative discussion of what medical evidence led the ALJ to conclude that a break from sitting would be necessary after [25] minutes (as opposed to earlier or later), or why a 1–[3] minute break (rather than a longer one) would be adequate." *Williams v. Berryhill*, No. 16 C 3807, 2017 WL 3130763, at *8 (N.D. Ill. July 24, 2017). Although Candace W. testified that she was able to "sit for approximately 25 to 30 minutes" and then she would "have to stand for another almost equal time" (Tr. 64), the Acting Commissioner points to no evidence that Candace W.'s shifting of positions for one to three minutes would allow her to continue working from one position for twenty-five minutes. *See Vaughn v. Saul*, No. 2:20-CV-054 DRL, 2020 WL 6867178, at *2 (N.D. Ind. Nov. 23, 2020); *accord Kubiszewski v. Saul*, No. 3:19-CV-863-HAB, 2020 WL 6618972, at *4 (N.D. Ind. Nov. 10, 2020) ("While [the claimant] testified that she could only sit up for 20-30 minutes before needing to change position, she never testified that standing for 1-2 minutes was enough to allow her to sit for another 20-30 minutes without shifting position. Moreover, no physicians opined that standing for 1-2 minutes would allow her to continue to work seated for another 20-30 minutes."). "'Because the ALJ did not explain the basis for the limitation, the Court cannot trace the path of [the ALJ's] reasoning.' On remand, the ALJ should explain how the medical evidence supports [the ALJ's] decision, or in the alternative, provide an RFC that can be substantiated by the evidence." *Kubiszewski*, 2020 WL 6618972, at *4 (citation omitted).

The Acting Commissioner contends that there is no conflict between the ALJ's decision and the VE's testimony because "the VE testified that a sit/stand option that is *more restrictive* than the option set forth in the ALJ's RFC finding" (a need to alternate between sitting and standing every twenty minutes for one to three minutes each time versus a need to alternate about every twenty-five minutes for about one to three minutes each time) "would not be work-preclusive." ECF No. 15-1 at 15. However, "the issue is not that the ALJ's determination was more generous . . . , but rather that the ALJ did not meet the 'logical bridge' requirement for the specific sit-stand option that [the ALJ] proposed." *Williams*, 2017 WL 3130763, at *9. "More problematically, it appears that the ALJ reached [the ALJ's] decision by improperly using the VE testimony to create the RFC." *Kubiszewski*, 2020 WL 6618972, at *5. The VE testified that a person could alternate between sitting and standing "for a couple minutes [sic]" and still be capable of meeting competitive productivity levels. Tr. 56-57. Absent other evidence to support the ALJ's decision, this suggests that "the ALJ used the VE's testimony as evidence to inform the RFC, which is improper. The ALJ must not start with a determination of 'not disabled' and then work back to form an RFC that would substantiate that decision based on VE testimony." *Kubiszewski*, 2020 WL 6618972, at *5. "The ALJ's failure to support the sit/stand option with evidence in the record, as well as the apparent crafting of the RFC based on the VE's testimony requires remand." *Id.*

The Court's function is not to scour the evidentiary record to find evidence that supports the ALJ's conclusions. Instead, the Court's role is to review the ALJ's decision to determine whether it is supported by substantial evidence with application of the proper legal standards. Remand may be appropriate when inadequacies in the ALJ's analysis frustrate that review. *Mascio*, 780 F.3d at 636. Because the ALJ "failed to build an 'accurate and logical bridge' from the evidence [the ALJ] recounted to [the ALJ's] conclusion about [Candace W.'s RFC]," the Court remands this case for the ALJ to do so. *Woods*, 888 F.3d at 694. I decline to address Candace W.'s remaining arguments and express no opinion on the ultimate merits of her disability claim.

For the reasons set forth above, both parties' motions for summary judgment (ECF Nos. 13 & 15) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge